CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 08 2025
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Danville Division

AUTO-OWNERS INSURANCE COMPANY a/s/o
DURHAM DUO HOMES, LLC,

    Plaintiff,

v.

    CIVIL ACTION NO.: 4:25CV00047

RASHA COLEMAN,

    Serve:  Rasha Coleman
              1640 Sword Dancer Dr.
              Virginia Beach, VA 23454

and

TYREE MCALLISTER,

    Serve:  Tyree Mcallister
              613 Piney Branch Dr., Apt. 204
              Virginia Beach, VA 23451

    Defendants.

## **COMPLAINT**

Plaintiff, by counsel, alleges as follows for its Complaint:

## **PARTIES**

1. Plaintiff, Auto-Owners Insurance Company ("Auto-Owners") is a Michigan insurance company with a principal place of business in Lansing, Michigan. Auto-Owners provided insurance coverage to Durham Duo Homes, LLC for the property at issue in this case.

2. Durham Duo Homes, LLC ("Durham") is a North Carolina limited liability company with a principal place of business in Durham, North Carolina. Durham owned the property located at 112 Fuller Street, Danville, VA 24540 ("the Home").

3. Defendants, Rasha Coleman and Tyree Mcallister are Virginia residents. Defendants Coleman and Mcallister were the tenants residing at the Home at the time of the fire that destroyed the Home.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over the parties pursuant to Va. Code §8.01-3281.1(A)(1)-(3) as Defendants were Virginia residents at all times relevant and caused tortious injury, namely damage to the Home, in Virginia.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. At all times material hereto, Durham owned the property located at 112 Fuller Street in Danville, VA. Auto-Owners insured Durham and provided property insurance to Durham, which covered the Home, pursuant to policy number 53-429-802-00 ("the Policy").

8. Pursuant to a lease agreement dated September 28, 2021, Defendants Coleman and Mcallister were tenants at the Home. The lease agreement is attached as Exhibit A.

9. On or about September 17, 2021 a fire erupted at the Home, causing substantial damage ("the Fire").

10. The Fire was a result of Defendants' negligence, including placing a lit burn barrel unreasonably close to the structure of the Home. The Fire spread from the burn barrel to the Home, causing the Home to burn, causing damage to the Home, and causing Durham to lose rental income.

11. The Fire proximately caused damages in the amount of $114,000.00

12. Pursuant to the terms of the Policy, Auto-Owners paid Durham $111,500, including $7,000 for loss of rents and $104,500 for property damage. Durham incurred a $2,500 deductible for the damages and loss of rent resulting from the Fire and Defendants' negligence.

13. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, Auto-Owners is subrogated to the rights of its insured with respect to claims against Defendants.

14. As such, Plaintiff brings its claim against Defendants for the damages caused by their negligence and breaches as described below.

## Count I – Negligence

15. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

16. Defendants owed a duty of care to ensure that the Home was not damaged by fire.

17. Defendants deviated from that standard of care when they:

   A. Ignited a fire within a burn barrel near the Home;

   B. Placed the lit burn barrel within or near the Home;

   C. Failed to ensure the fire within the burn barrel was extinguished prior to placing it within or near the Home;

   D. Left the fire unattended within or near the Home; and

   E. Failed to monitor the fire within the burn barrel to ensure the Home was not damaged by fire.

18. Defendants' negligence and failure to use reasonable care proximately caused the aforesaid damages.

## Count II – Negligence *per se*

19. Plaintiffs incorporate the previous allegations by reference as though fully set forth herein at length.

20. Defendants had a duty to protect the Home against damage from fires lit on the property. Further, Defendants had a duty to ensure that the fire ignited was a safe distance from the Home at the time of such burning, to monitor the fire within the burn barrel, and to ensure that the fire within the burn barrel was extinguished prior to placing it within or near the Home pursuant to Danville City Code, Article III, §14-101, *et seq.*

21. Danville City Code Article III, §14-105 permits open burning, but requires any such burning to take place "not less than three hundred (300) feet from any occupied building." Further, the City of Danville's regulations require that a "fire must be attended at all times and there must be immediate access to some form of fire extinguishments/control. A minimum distance of 50 feet from any structure is to be maintained at all times." *See* https://www.danville-va.gov/FAQ.aspx?QID=77.

22. Danville City Code Article III, §14-101, *et seq.* was enacted for public health reasons, specifically, to prevent damages to the public caused by uncontrolled fires. Indeed, Danville City Code Article III, §14-101, specifically states that Article III – titled "Open Burning" – was enacted to "protect the public health, safety, and welfare by regulating open burning within the territorial limits of the City."

23. Durham, as owner of the property, was within the class of persons to be protected by application of Article III of the Danville City Code.

24. In addition to the statutory duties set forth above, Defendants had common law duties to protect against the spreading of the fire lit by Defendants.

25. Defendants breached these duties and deviated from that standard of care when they:

    F. Ignited a fire less than 50 feet from the Home;

    G. Ignited a fire in a burn barrel less than 300 feet from the Home;

    H. Ignited a fire in the burn barrel less than 50 feet from the Home;

    I. Failed to ensure the fire within the burn barrel was extinguished prior to placing it within or near the Home;

    J. Left the fire unattended within or near the Home; and

    K. Failed to monitor the fire within the burn barrel to ensure the Home was not damaged by fire.

26. The Defendants' breach of Article III of Danville City Code proximately caused the Home to burn and the resulting damages, which is precisely the type of injury Article III was enacted to prevent. As such, Defendants are liable under a negligence *per se* theory to Plaintiff for all economic loss, property damage, compensatory damages and harms caused by such violations.

WHEREFORE Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in the amount of $111,500.00 in favor of Auto-Owners and $2,500 in favor of Durham, together with pre- and post-judgment interest and costs of this action, and for whatever further relief the Court deems appropriate.

Dated: October 8th, 2025

AUTO-OWNERS INSURANCE COMPANY a/s/o DURHAM DUO HOMES, LLC

_____/s/_____
Shawn A. Voyles, Esq. (VSB #43277)
SAVoyles@va-law.com
Paul R. Schmeding, Esq. (VSB #89542)
PRSchmeding@va-law.com
McKenry Dancigers Dawson, P.C.
192 Ballard Court, Suite 305
Virginia Beach, VA 23462
757-461-2500 Phone
757-461-2341 Fax
*Counsel for Plaintiff*